UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                          **DECISION AND ORDER**
                                            15-CR-133S

MICHAEL JONES,

                    Defendant.

## I. INTRODUCTION

Defendant Michael Jones is charged in a one-count indictment with possession of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).   (Docket No. 1.)   Trial is scheduled to start on June 13, 2017.

On June 6, 2017, this Court conducted an evidentiary hearing relative to Defendant's Motion in Limine to suppress a post-arrest, pre-Miranda statement that he made to law enforcement.   (Docket No. 84.)   After the short hearing, this Court denied Defendant's motion from the bench and indicated that this written decision would follow.

## II. BACKGROUND

The background of this case is fully set forth in this Court's decision denying Defendant's previous motion to suppress evidence, familiarity with which is presumed. See United States v. Michael Jones, 15-CR-133S, 2016 WL 7208756 (W.D.N.Y. Dec. 13, 2016).   In short, on March 7, 2015, at 10:45 p.m., Buffalo police officers William Robinson and Anniel Vidal were on routine patrol in the City of Buffalo, N.Y., when they came upon a vehicle parked on Westminster Avenue with its hood open.   As the officers approached, they observed Defendant on the passenger side of the vehicle,

along the curb, by the front wheel well, hunched over the open hood. The officers pulled up to Defendant's vehicle to investigate. After a brief encounter, Defendant fled on foot, with Officer Vidal chasing him. When Officer Vidal apprehended Defendant, he discovered a black bag containing rocks of crack cocaine.

What happened during the foot chase was the subject of the June 6, 2017 evidentiary hearing before this Court. Officer Vidal was the only witness. He testified that he gave chase when Defendant fled. He estimated that he was between 10 and 15 feet behind Defendant when Defendant began "tearing something up in his hands" as he ran. This action created a dust cloud through which Officer Vidal ran as he chased Defendant. Officer Vidal testified that as he passed through the dust cloud, he ingested whatever material Defendant had been breaking up, which tasted bitter. Although Officer Vidal testified that he thought he had ingested a narcotic, he stated that he could not identify the substance for certain.

When Officer Vidal caught up to Defendant, he tackled him and held him face-down on the ground. He then immediately asked him what he was "spraying." Defendant responded, "Nothing. All I had was some weed." Either simultaneous to or right after asking this question, Officer Vidal saw what he believed to be a rock of crack cocaine on the ground near where he had tackled Defendant. Officer Vidal testified that he asked Defendant what he was spraying because he wanted to know what he ingested and was concerned that he could have ingested a harmful substance.

After Defendant's arrest, Officer Vidal sought medical treatment at a local hospital, though he could not recall whether he sought treatment before or after he

returned to the police station to prepare Defendant's booking paperwork. Other than having his vital signs monitored, Officer Vidal received no medical treatment at the hospital. Officer Vidal completed and filed an "exposure form" with the Buffalo Police Department, but he did not file a workers' compensation claim or seek any additional medical treatment.

## III. DISCUSSION

It is undisputed that Defendant's statement to Office Vidal—"Nothing. All I had was some weed."—was a custodial statement made in the absence of Miranda warnings. As such, it would ordinarily be suppressed. See United States v. Simmons, 661 F.3d 151, 155 (2d Cir. 2011) ("It is well settled that statements obtained during a police interrogation that are not preceded by Miranda warnings cannot typically be used by the prosecution in its case in chief.").

But an exception to the Miranda rule exists for "questions reasonably prompted by a concern for the public safety or for the safety of the arresting officers." United States v. Newton, 369 F.3d 659, 677 (2d Cir. 2004). This exception, first set forth by the United States Supreme Court in New York v. Quarles, is narrow. 467 U.S. 649, 655-56, 104 S. Ct. 2626, 81 L. Ed. 2d 550 (1984).

In United States v. Estrada, the Second Circuit distilled its cases addressing the public-safety exception to three principles:

> First, we have observed that Miranda warnings need not precede questions reasonably prompted by a concern for the public safety or for the safety of arresting officers, so long as the questioning relates to an objectively reasonable need to protect the police or the public from an immediate danger. While the facts in Quarles raised the specter of

danger to the public, the public safety exception clearly encompasses questions necessary to secure the safety of police officers.

Second, the exception is limited by the fact that pre-<u>Miranda</u> questions, while framed spontaneously in dangerous situations, may not be investigatory in nature or designed solely to elicit testimonial evidence from a suspect. As we acknowledged in <u>Newton</u>, however, a question need not be posed as narrowly as possible, because precision crafting cannot be expected in the circumstances of a tense and dangerous arrest. Thus, a question that plainly encompasses safety concerns, but is broad enough to elicit other information, does not necessarily prevent application of the public safety exception when safety is at issue and context makes clear that the question primarily involves safety.

Third, we expressly have not condoned the pre-<u>Miranda</u> questioning of suspects as a routine matter. Rather, recognizing the need for flexibility in situations where the safety of the public and the officers are at risk, we have described the public safety exception as a function of the facts of cases so various that no template is likely to produce sounder results than examining the totality of the circumstances in a given case.

430 F.3d 606, 612 (2d Cir. 2005) (internal citations, quotation marks, emphasis, and alterations omitted).

Applying these principles here, this Court has little trouble concluding that the public-safety exception to the <u>Miranda</u> rule applies.

First, Officer Vidal credibly testified that he asked Defendant what he had been "spraying" because he wanted to know what he had ingested and was concerned that it was a substance potentially damaging to his health. Thus, Officer Vidal's question, which this Court finds was narrowly tailored to identify only the substance that he had ingested, related to an objectively reasonable need to protect his health and safety from

the immediate danger posed by the ingested foreign substance.   See Newton, 369 F.3d at 677.

Second, this Court finds that Officer Vidal's question, which was posed as soon as possible after ingesting the substance, was not investigative or intended to elicit testimonial evidence from Defendant.   See Quarles, 467 U.S. at 658–59.   Rather, it was designed to immediately identify the substance that Officer Vidal had ingested and to determine what risk it posed to his health and safety.   In this regard, this Court finds that Officer Vidal's question plainly encompassed the safety concerns he faced at the time he posed the question, and that his question primarily involved issues concerning his safety.   See Newton, 369 F.3d at 679.

In sum, this Court finds that the totality of the circumstances all but dictate a finding that the single question Officer Vidal posed to Defendant related to an objectively reasonable need to protect himself from the immediate and unknown danger of having just ingested a foreign substance discharged into the air by a fleeing suspect. In this regard, Defendant's primary argument asserted at the hearing—that there was no immediate concern for officer safety because Officer Vidal would have sought medical attention whether or not he identified the substance—misses the mark. Officer Vidal certainly had an immediate officer-safety interest in identifying the substance so as to determine what course of conduct to take or treatment to seek, including determining whether emergency treatment was required.   In this Court's view, the circumstances of this case fall squarely within the Quarles public-safety exception to the Miranda rule.

## IV.  CONCLUSION

For the reasons stated above, this Court finds that Defendant's post-arrest statement made in the absence of <u>Miranda</u> warnings falls within the <u>Quarles</u> public-safety exception to the <u>Miranda</u> rule.   Suppression of the statement is therefore not required.   Consequently, Defendant's motion seeking such relief is denied.

## V.  ORDER

IT HEREBY IS ORDERED, that Defendant's Motion in Limine to Suppress Evidence (Docket No. 84) is DENIED.

SO ORDERED.

Dated:   June 11, 2017
         Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge