UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
15-CR-133S

MICHAEL JONES,

        Defendant.

## I. INTRODUCTION

Presently before this Court are two related motions. First, Defendant Michael Jones moves to dismiss the indictment against him on speedy trial grounds under the Speedy Trial Act, 18 U.S.C. § 3161 et seq., and the Sixth Amendment to the United States Constitution. (Docket No. 129.) Second, Defendant moves for release from pretrial detention under 18 U.S.C. § 3164 (b) based on similar speedy trial grounds, as articulated in his oral motion before this Court on July 10, 2017. For the reasons discussed below, Defendant's motions are both denied.

## II. BACKGROUND

**A. Facts**

The facts of this case are fully set forth in this Court's previous decisions denying Defendant's motions to suppress evidence, familiarity with which is presumed. See United States v. Jones, 15-CR-133S, 2017 WL 2531712 (W.D.N.Y. June 11, 2017); United States v. Jones, 15-CR-133S, 2016 WL 7208756 (W.D.N.Y. Dec. 13, 2016).

In short, on March 7, 2015, at 10:45 p.m., Buffalo police officers William

1

Robinson and Anniel Vidal were on routine patrol in the City of Buffalo, N.Y., when they came upon a vehicle parked on Westminster Avenue with its hood open. As the officers approached, they observed Defendant on the passenger side of the vehicle, along the curb, by the front wheel well, hunched over the open hood. The officers pulled up to Defendant's vehicle to investigate. After a brief encounter, Defendant fled on foot, with Officer Vidal chasing him. When Officer Vidal apprehended Defendant, he discovered a black bag containing rocks of crack cocaine.

**B.     District Court Proceedings**

On July 9, 2015, the grand jury returned a one-count indictment charging Defendant with possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C).  (Docket No. 1.)

On July 16, 2015, the Honorable Hugh B. Scott, United States Magistrate Judge, arraigned Defendant on the indictment. (Docket No. 5.) Judge Scott accepted Defendant's not guilty plea and granted the government's request for detention pending a detention hearing. (Docket No. 5.) He also set a pretrial discovery/pretrial motion schedule and excluded time through September 29, 2015, under 18 U.S.C. §§ 3161 (h)(7)(A) and (h)(7)(B)(iv), to allow for pretrial proceedings. (Docket Nos. 5, 6, 7.)

On July 22, 2015, Judge Scott conducted a detention hearing, at the conclusion of which he determined that Defendant was both a flight risk and a danger to the community. (Docket No. 8.) He therefore ordered that Defendant be detained pending trial, where he has remained since. (Docket No. 8.)

On September 28, 2015, Defendant moved to adjourn the pretrial discovery/pretrial motion schedule, which was to expire the next day, on the basis that

2

"the parties have been diligently working together trying to reach a plea agreement and are in the process of reviewing voluntary discovery . . . However, the parties are requesting additional time to review said discovery and negotiate a plea."  (Docket No. 11.)  Defendant further stated that he "agrees that the additional time allowed within which to file pretrial motions is excludable under the Speedy Trial Act."  (Docket No. 11.)  Judge Scott granted Defendant's motion the next day, issued a new pretrial discovery/pretrial order schedule, and excluded time from "9/29/15 through 12/2/15 in the interest of justice for discovery review and motion preparation if no early resolution occurs."  (Docket Nos. 12, 13.)

On December 1, 2015, one day before the deadline for pretrial motions, Defendant again moved to adjourn the pretrial discovery/pretrial motion schedule on the basis that "the parties have been diligently working together trying to reach a plea agreement and are in the process of reviewing voluntary discovery . . . However, the parties are requesting additional time to review said discovery and negotiate a plea." (Docket No. 17.)  Again, Defendant indicated his agreement that any additional time allowed "is excludable under the Speedy Trial Act."  (Docket No. 17.)  Judge Scott granted Defendant's motion the same day, issued a new pretrial discovery/pretrial order schedule, and excluded time from "12/1/15 through 2/12/16 in the interest of justice for discovery review and motion preparation if no early resolution occurs."  (Docket Nos. 18, 19.)

On February 12, 2016, Defendant filed an omnibus pretrial motion.  (Docket No. 20.)  The government filed its response on February 29, 2016.  (Docket No. 24.)  The parties then appeared for oral argument before Judge Scott on March 3, 2016, at

3

which time Judge Scott reserved decision on whether a hearing was necessary. (Docket No. 25.) The minute entry from those proceedings further indicates that "[t]ime remains excluded because pretrial motions remain pending." (Docket No. 25.)

On March 4, 2016, Judge Scott issued a Decision and Order determining that Defendant's non-dispositive motions were moot and that a hearing was required to resolve Defendant's Motion to Suppress. (Docket No. 26.) Judge Scott scheduled the suppression hearing for April 7, 2016, and noted that "Speedy-trial time remains excluded under 18 U.S.C. § 3161 (h)(1)(D) because Jones's suppression motion remains pending." (Docket No. 26.)

On April 7, 2016, the parties conducted the suppression hearing before Judge Scott, at the conclusion of which Judge Scott ordered the parties to file simultaneous post-hearing briefs within 30 days of receiving the hearing transcript. (Docket No. 29.) The minute entry from that proceeding notes that "[t]ime remains excluded because pretrial motions remain pending." (Docket No. 29.)

On June 3, 2016, the court reporter filed the hearing transcript. (Docket No. 31.) Neither party filed their post-hearing briefs by July 3, 2016 (30 days after the filing of the transcript) as Judge Scott ordered. Thereafter, the government moved on July 19, 2016, for a *nunc pro tunc* extension of time for the parties to file post-hearing briefs, citing counsels' heavy caseloads as the reason they both missed Judge Scott's deadline. (Docket No. 32.) Judge Scott granted the government's motion the next day and extended the deadline to August 3, 2016, again noting that "[t]ime remains excluded because pretrial motions remain pending." (Docket No. 33.)

Counsel timely filed their post-hearing briefs. (Docket Nos. 35, 36.)

Thereafter, on August 16, 2016, Judge Scott issued a Report and Recommendation recommending that Defendant's Motion to Suppress be granted. (Docket No. 37.) On August 22, 2016, the government moved for an extension of time to file objections to Judge Scott's Report and Recommendation, which this Court granted on August 24, 2016, extending the government's deadline for objections to September 30, 2016. (Docket Nos. 38, 39.)

On September 16, 2016, Defendant moved to be released from pretrial detention on conditions. (Docket No. 40.) Judge Scott deferred addressing Defendant's motion until the Report and Recommendation proceedings were concluded. (Docket No. 41.)

On September 30, 2016, the government filed its objections to the Report and Recommendation and its response to Defendant's motion for release on conditions. (Docket Nos. 43, 44.)

On November 16, 2016, after full briefing on the government's objections to the Report and Recommendation, this Court held a status conference to discuss the objections and Defendant's motion for release. (Docket No. 47.) This Court advised the parties that it would need to review the entire transcript of the suppression hearing to resolve the government's objections and that it would defer ruling on Defendant's motion for release pending that review. (Docket No. 47.) This Court also excluded time pursuant to 18 U.S.C. §§ 3161 (h)(7)(A), (h)(1)(D), and (h)(1)(H), through December 14, 2016, the date of the next status conference. (Docket No. 47.)

On December 13, 2016, this Court issued a Decision and Order granting the government's objections, setting aside Judge Scott's Report and Recommendation, and denying Defendant's Motion to Suppress. (Docket No. 49.) At the status conference

the next day, this Court granted the parties' request for an adjournment to discuss a possible plea resolution and set another status conference for February 1, 2017, with time to be excluded under 18 U.S.C. § 3161 (h)(7)(A). (Docket No. 50.)

Then, in early 2017, Defendant wrote to this Court complaining about his retained lawyer in this case and the retained lawyer representing him relative to a pending supervised release violation (04-CR-32S). (Docket No. 52.) Thereafter, on January 31, 2017, this Court referred this case back to Judge Scott for resolution of any representation issues. (Docket No. 52). This Court also excluded time from January 31, 2017, "through the next status date scheduled by Judge Scott, pursuant to 18 U.S.C. §§ 3161 (h)(7)(A) and (h)(7)(B)(iv)." (Docket No. 52.) In doing so, this Court specifically found that "the ends of justice served in (1) allowing adequate time for Defendant to resolve his representation and conflict issues, and (2) permitting continuity of counsel, outweighs the best interest of the public and the defendant in a speedy trial." (Docket No. 52.) Judge Scott thereafter set a status conference for February 8, 2017. (Docket No. 53.)

At the February 8, 2017 status conference, Judge Scott relieved Defendant's two retained attorneys. (Docket No. 54.) The next day, Judge Scott assigned the Federal Public Defender's Office to represent Defendant in both cases and he excluded time through March 15, 2017, "in the interest of justice for effective assistance of new counsel." (Docket No. 55.) Judge Scott's exclusion of time was pursuant to 18 U.S.C. §§ 3161 (h)(7)(A) and (h)(7)(B)(iv). (Docket No. 57.) Judge Scott further noted that as of March 15, 2017, the full 70 days within which trial must commence remained, with zero days having elapsed. (Docket No. 57.)

On March 9, 2017, this Court conducted a status conference at which Defendant's counsel indicated that she was still reviewing the file and wanted additional time to discuss a plea resolution with the government. (Docket No. 59.) This Court set another status conference for April 26, 2017, and excluded time pursuant to 18 U.S.C. § 3161 (h)(7)(A), with no objection from Defendant. (Docket No. 59.)

The parties next appeared before this Court on April 26, 2017, at which time they requested a trial date. (Docket No. 64.) This Court scheduled trial for July 6, 2017, and set another status conference for May 17, 2017. (Docket No. 64.) The government moved for an exclusion of time, which this Court denied. (Docket No. 64.) Neither party, however, drew this Court's attention to the fact that Defendant's motion for release remained pending and would serve as the basis for an exclusion of time under 18 U.S.C. § 3161 (h)(1)(D). The minute entry therefore reflects that the Speedy Trial Clock began to run. (Docket No. 64.)

Later in the day on April 26, 2017, however, the government filed a Motion for Reconsideration of this Court's denial of its request to exclude time. (Docket No. 62.) Therein, it again failed to identify the pending motion for release as a basis to exclude time. (Docket No. 62.) Nonetheless, this Court granted its alternative request to set an earlier trial date, setting trial for June 13, 2017. (Docket No. 67.)

After this Court issued a Pretrial Order on May 2, 2017 (Docket No. 68), the parties began filing pretrial submissions, including motions in limine on May 12, 2017. (Docket Nos. 70, 76.)

The parties appeared before this Court again on May 17, 2017, at which time they reported that they remained on a trial track. (Docket No. 83.) This Court

7

excluded time through May 31, 2017, over Defendant's objection, under 18 U.S.C. § 3161 (h)(1)(D), on the basis that pretrial motions were pending. (Docket No. 83.)

The parties appeared next on May 31, 2017, at which time this Court resolved most of the pretrial motions, but found that a hearing was necessary to resolve Defendant's motion in limine to suppress evidence. (Docket No. 95.) This Court set a hearing for June 6, 2017. By order issued on June 1, 2017, this Court excluded time through June 6, 2017, under 18 U.S.C. §§ 3161 (h)(1)(D) and (h)(7)(A), finding that "the ends of justice in reaching a complete and final determination of Defendant's motion outweighs the best interest of the public and the defendant in a speedy trial." (Docket No. 96.)

The parties appeared for the suppression hearing on June 6, 2017, at the conclusion of which this Court denied Defendant's motion and indicated that a written decision would follow, which it did on June 12, 2017. (Docket Nos. 106, 108.) Having resolved the final pretrial motion, this Court again stated that the Speedy Trial Clock would start to run, still unaware of the pending motion for release from detention. (Docket No. 106.)

The parties next appeared on June 12, 2017, for the final status conference. (Docket No. 110.)

They then appeared the next day, on June 13, 2017, for jury selection. (Docket No. 112.) On that morning, the prospective jurors were administered their oaths and voir dire commenced. (Docket No. 112.) Before empaneling a petit jury, however, this Court granted Defendant's motion to strike the jury panel. (Docket No. 112.)

The parties appeared again the next day, on June 14, 2017, at which time this

Court rescheduled trial for July 11, 2017, and excluded time through that date under 18 U.S.C. § 3161 (h)(7)(A), given that Defendant had previously moved to strike the jury panel. (Docket No. 113.)

On June 29, 2017, Defendant filed a Motion to Reconsider his pretrial detention and to resolve his previously filed Motion for Release, which he noted had "thrice [been] held . . . in abeyance." (Docket No. 119.) This Court denied the motion on July 5, 2017. (Docket No. 127.)

On July 7, 2017, Defendant filed the instant Motion to Dismiss the Indictment on Speedy Trial grounds. (Docket No. 129.)

### III.  DISCUSSION

Defendant argues that dismissal of the indictment and his release from pretrial detention are required because his rights to a speedy trial under the Speedy Trial Act, the Sixth Amendment, and 18 U.S.C. § 3164 (b) have been violated. The government maintains that no such violations have occurred and that a full 70 days remain in which to bring Defendant to trial.

**A.    Defendant's Speedy Trial Act Claims**

The Speedy Trial Act requires the government to bring criminal defendants to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. See 18 U.S.C. § 3161 (c)(1); see also United States v. Oberoi, 295 F. Supp. 2d 286, 289 (W.D.N.Y. 2003), aff'd, 547 F.3d 436 (2d Cir. 2008). In the event the defendant is not brought to trial within the 70 prescribed days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162 (a)(2).

9

The Speedy Trial Act excludes certain periods of delay from the Speedy Trial clock. For instance, the 70-day period is automatically tolled for the duration of any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or the other prompt disposition of, such motion." 18 U.S.C. § 3161 (h)(1)(D). Also excludable is "any period of delay . . . if the judge . . . find[s] that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Under this exclusion, the court must "set[] forth, in the record of the case, either orally or in writing, its reasons [for so finding]." Id.

### 1. June 13, 2017 Trial

The procedural posture of this case, with the striking of the panel on June 13, 2017, raises the question of when a trial commences for purposes of the Speedy Trial Act. The Second Circuit has held that "[t]rial normally commences for purposes of the Act with the *voir dire* of the jury." United States v. Fox, 788 F.2d 905, 908 (2d Cir. 1986) (citing cases); see also United States v. White, 980 F.2d 836, 841 (2d Cir. 1992); United States v. Douglas, Crim. No. 2:07-CR-119, 2012 WL 5392092, at *12 (D.Vt. Aug. 7, 2012) (citing Fox and White). Thus, trial commenced in this case on June 13, 2017, when *voir dire* commenced. (Docket No. 112.) Because Defendant did not file his Motion to Dismiss until July 7, 2017, after the commencement of the trial, he waived his right to dismissal of the indictment on speedy trial grounds as it relates to the trial that commenced on June 13, 2017. See 18 U.S.C. § 3162 (2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo

10

contendere shall constitute a waiver of the right to dismissal under this section.").

But even if Defendant had not waived his right to dismissal under the Act, he would still not be entitled to dismissal, because his trial began within 70 days of his arraignment. As set forth above, both this Court and Judge Scott consistently made findings excluding certain periods of time under the Speedy Trial Act. Although Defendant challenges the sufficiency of some of those findings, this Court finds that all of the exclusions were proper.

Defendant first challenges the ends-of-justice exclusions that Judge Scott entered when he granted Defendant's request for adjournments of the pretrial discovery/pretrial motions deadlines. (Docket Nos. 13, 19.) Defendant argues that these exclusions lack the findings required by the United States Supreme Court in Bloate v. United States, wherein the Court held that exclusions of time for contemplated pretrial motions must be made under 18 U.S.C. § 3161 (h)(7)(A), with the requisite findings, rather than under 18 U.S.C. § 3161 (h)(1)(D), which automatically excludes the time during which any motion is actually pending. 559 U.S. 196, 206, 130 S. Ct. 1345, 176 L. Ed. 2d 54 (2010).

The record is clear, however, that Judge Scott did not exclude time automatically under 18 U.S.C. § 3161 (h)(1)(D). Rather, consistent with Bloate, he excluded time under 18 U.S.C. § 3161 (h)(7)(A) and made the necessary findings to support his ends-of-justice exclusions, finding that they were "in the interests of justice for discovery review and motion preparation." (Docket Nos. 13, 19.) Other than to generically state that these findings "do not meet the specificity requirements required by Bloate," Defendant does not articulate how or why these case-specific findings are deficient. It

11

is worth noting too that *Defendant* requested the adjournments that he now challenges and that he specifically agreed that the resulting time would be properly excludable under the Speedy Trial Act. (Docket Nos. 11, 17.) Consequently, this Court finds that Judge Scott's exclusions of time were proper.

Defendant next contends that the time between August 30 and September 30, 2016, is not properly excludable because the government failed to timely file objections to Judge Scott's Report and Recommendation and this Court made no findings to support an exclusion of time. Defendant ignores, however, that time was excluded automatically under 18 U.S.C. § 3161 (h)(1)(D), because Defendant's Motion to Suppress remained pending. See 18 U.S.C. § 3161 (h)(1)(D) (providing that "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable). This is an automatic exclusion for which no specific findings are required. See United States v. Bailey, 15-CR-6082G, 2016 WL 6471358, at *5 (W.D.N.Y. Nov. 1, 2016) ("The law is crystal clear that the exclusion under [18 U.S.C. § 3161 (h)(1)(D)] is *automatic* and, by contrast to the section 3161 (h)(7) interests of justice exclusion at issue in Bloate, does not require any specific findings by the court.") The exclusion of this time was therefore proper.

Next, Defendant contends that the time between April 27 and May 17, 2017, is not properly excludable. Indeed, at the status conference on April 26, 2017, this Court concluded that time would begin to run starting on April 27, 2017. (Docket No. 64.) Later that same day, however, the government filed a Motion to Reconsider, which automatically excluded the time during the pendency of that motion under 18 U.S.C. §

12

3161 (h)(1)(D). This Court did not resolve the government's motion until May 2, 2017. In addition, as noted, Defendant's motion for release remained pending, constituting another automatic exclusion of time under 18 U.S.C. § 3161 (h)(1)(D). That motion remained pending beyond May 17, 2017. Finally, the parties filed motions in limine on May 12, 2017, which also served as a basis for an automatic exclusion under 18 U.S.C. § 3161 (h)(1)(D). (Docket Nos. 70, 76.) Consequently, the time between April 27 and May 17, 2017, despite the previous belief that the Speedy Trial Clock began to run during that time, is properly excluded by operation of law.

Defendant next contends that the time between May 17 and 19, 2017, was not properly excluded because no findings were made to support the exclusion. Again, however, Defendant ignores that motions were pending and that exclusions under 18 U.S.C. § 3161 (h)(1)(D) are automatic and do not require specific findings. See Bailey, 2016 WL 6471358, at *5. This time was therefore properly excluded from the Speedy Trial clock.

Finally, Defendant maintains that the time between June 7 and 14, 2017, is not properly excludable. This is another period during which the collective understanding was that time was running, but in fact, Defendant's motion for release remained pending. Time was therefore automatically excluded under 18 U.S.C. § 3161 (h)(1)(D). In addition, Defendant appeared before this Court on June 12 and 13, 2017. (Docket Nos. 110, 112.) And, in any event, Defendant's trial started on June 13 for Speedy Trial purposes, thereby stopping the Speedy Trial clock. This time is therefore properly excludable.

Accordingly, this Court finds that even if Defendant did not waive his right to

pursue dismissal of the indictment by filing his motion after his June 13, 2017 trial began, see 18 U.S.C. § 3162 (2), which he did, no violation of the Speedy Trial Act occurred because all time was properly excluded under the Speedy Trial Act.

### 2. July 11, 2017 Trial

After this Court struck the jury panel on June 13, 2017, an act akin to declaring a mistrial, the 70-day Speedy Trial clock began anew, because trial had technically commenced on June 13, 2017. See Douglas, 2012 WL 5392092, at *12; 18 U.S.C. § 3161 (e) (providing that a new trial must commence within 70 days of a mistrial).

Defendant challenges this Court's exclusion of time from June 14 to July 11, 2017, as lacking findings. But this Court excluded such time under 18 U.S.C. § 3161 (h)(7)(A) and found specifically that an exclusion of time was warranted given Defendant's request to strike the jury panel. There is thus no merit to Defendant's argument. In any event, Defendant's trial, which is scheduled to commence on July 11, 2017, will begin well within 70 days from June 13, 2017.

Consequently, to the extent Defendant seeks dismissal of the indictment on speedy trial grounds relative to his July 11, 2017 trial, that motion is denied.

### B. Defendant's Sixth Amendment Claims

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial . . . ." U.S. Const. amend VI. "Although unusual, it is possible for a delay that does not violate the [Speedy Trial Act] to run afoul of the Sixth Amendment's guarantee of a speedy trial." United States v. Stone, No. 05-CR-401, 2006 WL 436012, at *6 (E.D.N.Y. Feb 22, 2006). In Barker v. Wingo the

14

Supreme Court, for the first time, attempted to set out the criteria by which the Sixth Amendment right is to be judged. 407 U.S. 514, 515, 92 S. Ct. 2182, 33 L. Ed. 2d 101.

The Court began by noting that the right to a speedy trial is different from other rights enshrined in the Constitution because it embodies a societal interest in securing a defendant for trial; this interest exists separately, and sometimes in opposition, to the interest of the accused. Id. at 519–22. It is also different, according to the Barker Court, because it is "necessarily relative" and "impossible to determine with precision when the right has been denied." Id. at 521. Ultimately then, courts must engage in a balancing test that considers cases on an *ad hoc* basis. Id. at 522, 530.

The Barker Court outlined four factors that courts must assess when conducting this analysis: the length of delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. Id. at 530. These factors must be considered together, as none alone has the "talismanic" quality sufficient to find deprivation of the right of speedy trial. Id. at 533. The balancing process, to which this Court will now turn, is difficult and sensitive, but must be carried out with "full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." Id.

1. **Length of Delay**

The delay in this case is approximately two years, which is presumptively prejudicial and triggers further analysis of the three Barker factors. See Doggett v. United States, 505 U.S. 647, 652, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992) (delays

15

approaching 12 months are presumptively prejudicial); Flowers v. Warden, Conn. Corr. Inst., 853 F.2d 131, 133 (2d Cir. 1988) (delay of 17 months is presumptively prejudicial). Still, while presumptively prejudicial, the delay here remains within a time period where the Second Circuit has found no violation.  See Flowers, 853 F.2d at 133 (collecting cases with delays ranging from 24 months to six years where no speedy trial violation was found).

### 2. Reasons for the Delay

Closely related to length of delay are the reasons given by the government to justify the delay.  Barker, 407 U.S. at 531. This Court weighs these reasons alongside Defendant's conduct, and gives different justifications differing weights.  Id. at 530-31. For example, prosecutorial negligence would be weighed less heavily than a deliberate attempt to delay the trial to hamper the defense; but it would nevertheless be weighed against the government because it has the ultimate responsibility for bringing the defendant to trial.  Id. at 531.

Here, the reasons for the delay are predominantly attributable to Defendant. But for the government seeking a 30-day extension of time to object to Judge Scott's Report and Recommendation, the delays were occasioned by Defendant's or joint requests for adjournments, as well as Defendant's pretrial motions and change in counsel.  This is not a case where the government is solely responsible for significant delay.  Rather, the majority of delay is attributable to Defendant.  Thus, this factor weighs against finding a Sixth Amendment violation.  See United States v. Blanco, 861 F.2d 773, 778 (2d Cir. 1998) ("A defendant's claim that the government violated her

16

right to a speedy trial is seriously undermined when the defendant, and not the government, is the cause of the delay.")

### 3. Defendant's Assertion of the Right

The efforts a defendant makes to assert the speedy trial right are closely related to the other factors in the test. Barker, 407 U.S. at 532. If a defendant is seriously being deprived of his right, he is more likely to vigorously assert it, and such an assertion is given strong evidentiary weight. Id. But the inverse is also true: failure to assert the right in a timely manner will be weighed against the defendant. See id.; see also Rayborn v. Scully, 858 F.2d 84, 93 (2d Cir. 1988). The Supreme Court makes clear that this inquiry is sensitive and complex, and must take into account how and when a defendant knew of the charges against him, if a defendant has obtained counsel, and if a delay benefits the defendant and thus dissuades him from invoking his right. Barker, 407 U.S. at 528-29.

Here, Defendant sought and agreed to multiple adjournments with the knowledge and understanding (even conceding) that such time would be excluded from the Speedy Trial clock. He even stood silent when Judge Scott issued an order stating that a full 70 days remained on the clock as of March 15, 2017. (Docket No. 57.) It was not until *after* his trial commenced that Defendant sought dismissal on speedy trial grounds. This factor therefore weighs against a finding of a Sixth Amendment violation. See United States v. Vasquez, 918 F.2d 328, 338 (2d Cir. 1990) (third factor "weighs heavily" against petitioners where they "waited roughly 22 months before advancing their speedy trial claims and this hardly renders plausible their contention

that an expeditious resolution of their cases was a matter of pressing constitutional importance for them"); United States v. McGrath, 622 F.2d 36, 41 (1980) (weighing fact that the defendant waited until immediately before trial to file a motion to dismiss on speedy trial grounds against the defendant); United States v. Abouhalima, 961 F. Supp. 78, 83 (S.D.N.Y. 1997) (waiting many months before raising Sixth Amendment speedy trial objection weighs against a violation); United States v. Love, 859 F. Supp. 725, 738 (S.D.N.Y. 1994) (prolonging proceedings by requesting extensions of time to file motions papers weighs against defendant's motion).

### 4. Prejudice to Defendant

Prejudice to the defendant is assessed in the light of the interests the speedy trial right was designed to protect. Barker, 407 U.S. at 532. The Supreme Court identified three such interests: to prevent oppressive pretrial incarceration; to minimize anxiety and concern of the accused; and to limit the possibility that the defense will be impaired. Id. The most serious of these interests is the last, because "the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id.

Despite these considerations, however, courts are generally reluctant to find a speedy trial right violation in the absence of specific prejudice. See United States v. Abad, 514 F.3d 271, 275 (2d Cir. 2008) (per curiam); Rayborn, 858 F.2d at 94; McGrath, 622 F.2d at 41. Indeed, the Second Circuit has affirmed that it has "generally required a showing of some significant trial-related disadvantage in order to establish a speedy-trial violation." United States v. Cain, 671 F.3d 271, 297 (2d Cir.

18

2012); see United States v. New Buffalo Amusement Corp., 600 F.2d 368, 379 (2d Cir. 1979) (violation where witnesses crucial to defense could no longer be located, and other witnesses who previously had agreed to testify refused to do so); United States v. Vispi, 545 F.2d 328, 334-35 (2d Cir. 1976) (violation where delay made locating old records and dealing with dimmed recollections "a formidable task"); United States v. Roberts, 515 F.2d 642, 646 (2d Cir. 1975) (violation where government's delay disqualified defendant for youthful offender status).

Here, however, Defendant does not argue that he suffered any specific trial-related prejudice or disadvantage. While Defendant is understandably displeased with being detained for two years, pretrial detention alone does not sufficiently establish a constitutional violation, particularly where Defendant is largely to blame for the delays in the case. This factor therefore weighs against Defendant.

Having fully considered and balanced the four Barker factors, this Court finds that Defendant's Sixth Amendment speedy trial rights have not been violated.

## C. Defendant's Request for Release

On July 10, 2017, Defendant orally moved for release from custody under 18 U.S.C. § 3164 (b). That section provides that the trial of "a detained person who is being held in detention solely because he is awaiting trial" must commence not later than 90 days following the beginning of detention. 18 U.S.C. §§ 3164 (a)(1) and (b). It further provides that "[t]he periods of delay enumerated in section 3161 (h) are excluded in computing the time limitation specified in this section." Id. Thus, even assuming that this statute applies to Defendant, who is also being detained on a supervised release violation petition, it is clear from the findings above concerning

19

excludable time that there has been no violation. Consequently, there is no basis for release under this statute.

## IV. CONCLUSION

For the reasons stated above, this Court finds that Defendant's rights to a speedy trial under the Speedy Trial Act and the Sixth Amendment have not been violated. Defendant's Motion to Dismiss the indictment on speedy trial grounds is therefore denied. Further, because there has been no Speedy Trial Act violation, there has necessarily been no violation of 18 U.S.C. § 3164 (b). Consequently, Defendant's oral request for release from custody under that statute is also denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Defendant's Motion to Dismiss the Indictment (Docket No. 129) is DENIED.

FURTHER, that Defendant's oral motion for release under 18 U.S.C. § 3164 (b) is DENIED.

SO ORDERED.

Dated: July 11, 2107
       Buffalo, New York

                                                  /s/William M. Skretny
                                                  William M. Skretny
                                          United States District Judge